# CASES ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF THE

## STATE OF WISCONSIN.

---

## KELLEY *vs.* CORSON et al.

### MOTION FOR REHEARING.

Heard June 21, 1859.]                    [Decided February 14, 1860.

### *Assessments—Taxes.*

The board of supervisors of the county are not authorized in equalizing the assessment rolls of the county, to reduce the valuation as to a part of the lands in a town, and not reduce all the real estate in the same town.

Where the board of supervisors of a county endeavored to act in good faith, and to discharge their duties according to law, and in doing so reduced the valuation of part of the real estate in a town, and omitted to reduce the whole thereof: Held that such an act does not vitiate the tax levied upon such assessment roll so reduced, unless it also appeared that they would have diminished the whole of the real estate of the town, in the same manner as they did the part.

This was a motion for a rehearing of the decision reported in 8 Wis., 182, where the facts of the case are fully stated.

*By the Court,* COLE, J. Although the former opinion of this court was written under a misapprehension of the true

Vol. XI.                    1

facts of the case, yet we think the motion for a rehearing must be denied. When that opinion was prepared, I was under the impression that the village of Monroe was incorporated, having, of course, distinct boundaries, and being a municipal corporation, with an assessment roll separate from the town of Monroe, and I could not see why it was not competent for the county board of supervisors to equalize the valuation of the real estate between such a village and the other towns, so as to provide a just relation between all the valuations of the real estate of the county. In this, it appears, I was mistaken as the village of Monroe had no corporate existence in the fall of 1857, but was really a part of the town of Monroe, and its real estate was assessed as a part of the real estate of that town. This being the case, the action of the county board in diminishing the valuation of a part of the town was unauthorized.

But still, as this was an error of judgment upon the part of the county board, as to their power under the statute, and they were endeavoring, in good faith, to discharge their duties according to law, we do not think the error was such as to avoid the whole tax. See the case of *Weeks vs. The City of Milwaukee et al.,* 10 Wis., 242, decided at the last term, in which the authorities upon this point are referred to and commented upon. And it does not appear that the appellant was in any wise injured by this action of the county board, or that his tax was at all increased in consequence of it. The county board diminished the valuation of the real estate of a part of the town, but added this amount to the other towns in the county. The tax payers of the other towns whose tax had thus been increased by the unauthorized action of the board, might have had good ground of complaint. But the appellant's tax was not increased by it, unless we assume that the county board would have diminished the valuation of all the real estate of the town of Monroe, had they not

supposed they had power to diminish a part, and this we have no right to assume. The board might have concluded that the valuation of the real estate of the town of Monroe, bore a just relation to the valuation of all the towns in the county, and not have disturbed any part of it. So, although the action of the board was illegal, it does not appear that the appellant has been injured by it.

The motion for a rehearing is, therefore, denied.